FILED & ENTERED

JUL 01 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>Continental Coin Corporation<br><br><br><br>Debtor(s). | Case No.:  1:00-bk-15821-GM<br><br>Adv No:   1:13-ap-01061-GM<br><br>Chapter 11<br><br>**MEMORANDUM OF OPINION DENYING DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §425.16 REGARDING DOCKET NUMBER 7** |
| Zamora & Hoffmeier<br><br>Plaintiff(s),<br><br>     v.<br><br>Hill, Farrer & Burrill LLP, Daniel J. McCarthy, Rodger Virtue<br><br><br><br>Defendant(s). | Date: May 14, 2013<br>Time:  10:00 a.m.<br>Courtroom: 303 |

<u>BACKGROUND</u>

Continental Coin Corp. filed for Chapter 11 bankruptcy on 6/19/2000.  On 9/4/2001, Nancy Hoffmeier Zamora was appointed as the Chapter 11 trustee ("Zamora").  On 11/2/2001, the Court approved Trustee's employment of Zamora & Hoffmeier ("Z&H") as general counsel.  Over the course of Zamora's work as trustee, Daniel McCarthy ("McCarthy") and the firm by which he is employed, Hill, Farrer & Burrill, LLP ("HFB"), filed numerous objections on behalf of creditor Rodger Virtue ("Virtue"), including an objection to Trustee's proposed liquidation plan.  The Court

confirmed the Trustee's liquidation plan over Virtue's objection on 8/2/07.

On 12/12/2007, the Court entered an order allowing Virtue to file a complaint against Trustee.  The order contained a provision that prohibited Virtue from including any claims against the Trustee's attorney.  On 12/28/2007, Virtue filed a complaint (the "Adversary Proceeding" or "Adversary Complaint") alleging negligence, gross negligence and breach of duty against Trustee, also naming Z&H as a defendant with an allegation for legal malpractice.[1]  The Trustee and Z&H opposed the Adversary Complaint as a violation of the Court's Order.  The Bankruptcy Court agreed and Virtue appealed  to the District Court, which affirmed that Virtue could not sue Z&H.  The District Court's Opinion became final on 3/21/2011, after which both parties appealed the District Court Opinion to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") and the Ninth Circuit dismissed both for lack of appellate jurisdiction. [2] On 6/11/2011, Virtue filed a First Amended Complaint removing Z&H as a defendant. On 3/20/2013, Z&H filed a complaint against Virtue, McCarthy and HFB for malicious prosecution and abuse of process.[3]

<u>THE MOTION</u>[4]

Virtue moves to strike Z&H's 3/20/2013 Complaint for malicious prosecution and abuse of process pursuant to California Code of Civil Procedure § 425.16, commonly known as California's "anti-SLAPP statute."  Virtue argues that Z&H's claims arise from Virtue's original Adversary Proceeding thus satisfying the first prong of the anti-SLAPP statute.  Next, Virtue argues that Z&H fails to meets its burden under the statute

---

[1] 1:07-ap-01291-GM.

[2] A timeline of the various events and appeals relevant to this motion is attached hereto.

[3] Unless otherwise specified, all defendants are referred to jointly under the term "Virtue."

[4] Two identical motions, one filed by Virtue and the other by HFB, are before the Court. Because they are identical, references to Virtue as the moving party will include McCarthy and HFB. (Adv#:1:13-01061, Dk  #5, #6)

because Z&H fails to show a probability of success on the merits of the claims.

Because Z&H fails to meet its burden, the claims should be dismissed as SLAPPs

pursuant to the anti-SLAPP statute.

Z&H opposes Virtue's motion on the grounds that the anti-SLAPP statute is

inapplicable.  Z&H argues that because Virtue's Adversary Proceeding is not related to

a public issue, it is not protected activity under the statute.  Thus, the first prong of the

anti-SLAPP statute is not met.  Next, Z&H claims that it meets the second-prong burden

of the anti-SLAPP statute because its complaint is sufficiently pled under the federal

rules of pleading.  Thus, Z&H argues, the Court should deny Virtue's motion to strike

and either compel Virtue to answer the Z&H complaint and allow Z&H to proceed with

discovery related to the Z&H complaint, or continue to the hearing on the motion so that

Z&H can conduct discovery and amend its complaint if necessary.


DISCUSSION

I.    Summary of California's Anti-SLAPP Purpose and Procedure.

Strategic Lawsuit Against Public Participation, commonly referred to as "SLAPP"

suits, refer to meritless lawsuits that appear to be normal lawsuits but are initiated for

the purpose of deterring ordinary citizens from exercising their legal rights to protected

speech.  Wilcox v. Superior Court, 27 Cal. App. 4th 809, 816 (Cal. App. 2d Dist. 1994).

The purpose of a SLAPP is "not to succeed on the merits, but to so intimidate the

private citizen (or even the government official) that that citizen's activity ceases

because the expense, risk and anxiety engendered by the process of litigating a SLAPP

is too great."  Causes of Action: Bringing and Defending Anti-SLAPP Motions to Strike

or Dismiss, 22 C.O.A.2d 317, 322, § 2 (2003).  A SLAPP abuses the judicial process

with the desired outcome of preventing individuals from exercising their right to free speech. Id.

Identifying a surge in these SLAPPs, the California legislature enacted California Code of Civil Procedure, §425.16 in 1992.  The purpose of California's anti-SLAPP statute is to dismiss meritless claims that simply seek to "chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Code Civ. Pro §425.16(a).  The statute states the legislative purpose clearly: "to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process."  Id.  The legislature further notes that it should be construed broadly.  Cal. Code Civ. Pro §425.16(b).

To prevent the success of these SLAPPs, the California legislature created a two-pronged analysis to determine when cases should be dismissed as SLAPPs.  First, the Court must determine whether the defendant has met her burden to show that the challenged cause of action arises from protected activity.  Navellier v. Sletten, 29 Cal. 4th 82, 88 (Cal. 2002).  If the Court is satisfied with the defendant's showing, then the burden shifts to the plaintiff, and the Court will evaluate whether the plaintiff has met her burden to show a probability of prevailing on the merits of her claim.  Id.  As a final safeguard, the legislature has provided that a successful defendant may recover expenses incurred in bring forth an anti-SLAPP motion.  Cal. Code Civ. Pro §425.16(c)(1).

II.    Applicability of California's Anti-SLAPP Statute in Federal Court.

    A.    The Erie Doctrine Will Govern a Federal Court's Analysis of a State Law Claim.

In <u>Erie R.R. v. Tompkins</u>, the United States Supreme Court confronted the issue of what law, state or federal, a federal court should apply when deciding on matters of state law.   <u>See</u> 304 U.S. 64 (1938).  The resulting Erie Doctrine, as it has come to be known, created a relatively simple test to address this issue: federal courts should apply substantive state law and federal procedural law.  <u>Id</u>. at 78.  However, conflict arises when there is a "direct collision" between state and federal law.  <u>Hanna v. Plumer</u>, 380 U.S. 460, 472 (1965).  The Supreme Court further addressed this issue in <u>Guaranty Trust Co. v. York</u>, creating an outcome determinative test which instructed federal courts to apply state law if the application of federal law would provide a different outcome.  326 U.S. 99, 109 (1946).  This test supported the intent of the <u>Erie</u> decision which was to prevent forum shopping and to prevent inequitable administration of the law. <u>Id</u>.

The Supreme Court addressed the more specific issue of when a state law conflicts with a Federal Rule of Civil Procedure in <u>Hanna v. Plumer</u>.  380 U.S. at 470. "When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided Erie Choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions." <u>Id</u>. at 471.  Thus, where a federal court is faced with a "direct collision" between a state law and a Federal Rule of Civil Procedure, the Federal Rule governs.

B.    <u>Where No Conflict Arises Between State Substantive Law and Federal Procedural Law, State Law Governs.</u>

The Ninth Circuit has addressed the problem of direct collision specifically as it relates to the requirements of an anti-SLAPP motion and the Federal Rules of Civil

Procedure and found that no such collision necessarily occurs.  <u>U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.</u>, 190 F.3d 963, 972 (9th Cir. Cal. 1999).  The Court noted that the anti-SLAPP statute and the Federal Rules pursue different aims: the Federal Rules simply guiding procedure, and the anti-SLAPP statute guiding "the constitutional rights of freedom of speech and petition for redress of grievances."  Cal. Civ. Code § 425.16(a).  The Court further noted that while the relevant Federal Rules, primarily rules 8, 12 and 56, do share some common ground with the anti-SLAPP statute in that they all allow for early dismissal of unmeritorious claims, "this commonality of purpose, however, does not constitute a 'direct collision'."  <u>Newsham</u>, 190 F.3d at 972.  Thus, if no collision occurs, the anti-SLAPP statute will govern.

The California Supreme Court has found that subsection (g) of the anti-SLAPP statute, the provision governing discovery, does collide with the Federal Rules.  When such a collision occurs, the Federal Rules should prevail, as per <u>Hanna</u>.  The Court noted that it "refused to apply certain discovery-limiting provisions of the anti-SLAPP statute because they would conflict with Fed. R. Civ. P. 56."  <u>Verizon Delaware, Inc. v. Covad Communications Co.</u>, 377 F.3d 1081, 1091 (9th Cir. Cal. 2004).  Z&H's anti-SLAPP motion does not involve subsection (g).  The only subsections at issue are (b), the pleading requirements, and (e), whether Z&H's claims arise from Virtue's Constitutionally protected petitioning activities.  The Ninth Circuit has ruled that these provisions do not collide with, and thus should not be displaced by, the Federal Rules. <u>See</u> <u>Newsham</u>,190 F.3d 963 at 972.

C.    <u>The Outcome of Virtue's Anti-SLAPP Motion Is the Same Whether State or Federal Rules of Procedure Apply.</u>

Even if the Court were to find a direct collision between the anti-SLAPP statute and the Federal Rules of Civil Procedure and thus allow the Federal Rules to displace

the requirements of the anti-SLAPP statute, the outcome would be same.  California courts have consistently ruled that the "probability of prevailing" language of the anti-SLAPP statute should be interpreted similarly to the "no genuine dispute" language of Federal Rule 56, governing summary judgment.  See Wilcox, 33 Cal.Rptr.2d at 454.  This means that if a reasonable jury could see any dispute as to the plaintiff's probability of prevailing on the merits of his claim, the anti-SLAPP motion to dismiss should be denied.  The California Supreme Court has further clarified that a court should make this determination as "if the evidence submitted by the plaintiff is credited."  Taus v. Loftus, 40 Cal. 4th 683, 713 (Cal. 2007).  Thus, the plaintiff's burden is quite low to show a probability of prevailing on the merits.

III.   Virtue Meets His Burden Under the Anti-SLAPP Statute Because His Motion to Strike Arises from Protected Activity Under the Anti-SLAPP Statute.

In the instant case, Virtue moves to strike Z&H's claims for malicious prosecution and abuse of process pursuant to California's anti-SLAPP statute.  Both malicious prosecution and abuse of process are state claims and thus subject to California's anti-SLAPP statute.  See In re Bah, 321 B.R. 41 (9th Cir. BAP 2005).  The Ninth Circuit has ruled that these two claims should not be categorically exempt from the anti-SLAPP statute.  Flores v. Emerich & Fike, 385 Fed. Appx. 728, 732 (9th Cir. Cal. 2010). Thus, to successfully strike Z&H's claim for malicious prosecution, Virtue has the initial burden to show that Z&H's claims arises from Virtue's Adversary Proceeding, and that this Adversary Proceeding was protected activity under the statute.

Claims for malicious prosecution and abuse of process may be subject to the anti-SLAPP statute because they are within the activity that the statute seeks to protect.  By definition, claims for malicious prosecution and claims for abuse of process are retaliatory claims, arising in response to the opposing party's litigation.  In California, an

action for malicious prosecution requires first that the plaintiff establish "that the

underlying action was commenced by or at the direction of the defendant and it was

pursued to a legal termination in the plaintiff's favor." HMS Capital, Inc. v. Lawyers Title

Co., 118 Cal. App. 4th 204, 213 (Cal. App. 2d Dist. 2004).  This requirement is met in

the instant case because the underlying action involves Virtue's legal malpractice claim

against Z&H.  Virtue filed his complaint, naming Z&H as a defendant, in spite of the

Court's orders denying Virtue the right to do so.  Virtue also failed to remove Z&H as a

defendant even after the Court denied Virtue's motion for reconsideration.  In a claim for

abuse of process, a litigant must "establish that the defendant (1) contemplated an

ulterior motive in using the process, and (2) committed a willful act in the use of the

process not proper in the regular conduct of the proceedings."  Rusheen v. Cohen, 37

Cal.4th 1048, 1057 (Cal. 2006).  Here again, Z&H's abuse of process claim rests on the

accusation that Virtue's legal malpractice claim, and failure to adhere to the Court's

order regarding this claim, was an improper use of the judicial system. Thus, both

claims "arise from" and in response to Virtue's original legal malpractice claim.

Furthermore, Virtue's legal malpractice claim was within the purview of his

Constitutional rights of free speech.   Subsection (e) of the anti-SLAPP statute creates

an exception to the "public issue" requirement of subsection (b).  Pursuant to this

subsection, activity may be protected under the statute even if it does not arise "from

any act of that person in furtherance of the person's right of petition or free speech

under the United States Constitution or the California Constitution in connection with a

public issue."  Cal. Code Civ. Pro §425.16(b).  Activity unrelated to a public issue that

may still be protected under the statute includes "any written or oral statement of writing

made before a. . . . judicial proceeding" or "any written or oral statement or writing made

1    in connection with an issue under consideration or review by a . . .judicial body."  Cal.

2    Code Civ. Pro §425.16(e).  Therefore, Virtue's legal malpractice claim need not be

3    related to a public issue to find protection under the anti-SLAPP statute.  The very filing

4    of an adversary proceeding constitutes a written statement made before a judicial body

5    and is thus protected under subsection (e).  Virtue thus meets his burden.

6

7

8    IV.    Z&H Has Met Its Burden Under the Anti-SLAPP Statute

9          A.    The Evidence Should Be Considered Using a Standard Which Is Similar
10          To, But Not Identical With That for a Motion for Summary Judgment.

11

12

13          In general a motion to dismiss under Fed. R. Civ. P.12(b)(6) – incorporated into

14    Fed. R. Bank. P 7012 – is determined solely on the matters stated within the complaint,

15    incorporated by reference, and other items of which the Court can take judicial notice.

16    5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1357, at 375-6 (2004).

17    The introduction of other external material on either the part of the movant or the

18    opposition is subject to the discretion of the trial court.  Id. at 5C § 1364.  Given the

19    nature of this complaint, which rests largely on the intention of the Defendants, I would

20    not normally allow or require the Plaintiff to file a declaration because no discovery has

21    yet taken place and discovery is the key to proving a wrongful intention behind

22    seemingly acceptable actions.

23          However, the anti-SLAPP statute states that in "making its determination, the

24    court shall consider the pleadings, and supporting and opposing affidavits stating the

25    facts upon which the liability or defense is based."  Cal. Code Civ. Pro §425.16(b)(2). In

26    applying this provision, the California courts have decided that the analysis should be

27

28

similar to that of a summary judgment motion.  Because both motions seek to assess

the merits of the plaintiff's claim before trial, "the same evidentiary standards should. .

.govern both."  <u>Gallant v. City of Carson</u>, 128 Cal. App. 4th 705, 712 (Cal. App. 2d Dist.

2005), overruled on other grounds by <u>Reid v. Google, Inc.</u>, 50 Cal. 4th 512.[5]  In order

that the Court can discern the merits of the plaintiff's claim, the Court must rule on

evidentiary objections so as to "determine whether [the plaintiff] has presented

admissible evidence that demonstrates a probability of prevailing on the merits of her

claim."  <u>Martin v. Inland Empire Utilities Agency</u>, 198 Cal. App. 4th 611, 630 (Cal. App.

4th Dist. 2011) at 630.

   "Though the court does not *weigh* the credibility or comparative probative

strength of competing evidence, it should grant the motion if, as a matter of law, the

defendant's evidence supporting the motion defeats the plaintiff's attempt to establish

evidentiary support for the claim."  <u>Soukup v. Law Offices of Herbert Hafif</u>, 39 Cal.4th

260, 291 (Cal. 2006).  The court thus considers evidence submitted by both sides,

evaluating the defendant's evidence, including evidentiary objections, "only to determine

if it has defeated that submitted by the plaintiff as a matter of law.  <u>HMS Capital</u>,118 Cal.

App. at 213.

   However, there is no mention of how or if the Court should use a less stringent

standard to assess the quality of the objected-to evidence at this early stage in the

proceedings, which is at a time when no discovery has yet occurred.

   In this motion, the Defendants do not present any contrary evidence, but object

to Zamora's declaration and assert that he thus has presented no admissible evidence

at all to support his claim.

---

[5] The same result occurs if federal procedure were to apply since if either party filed an affidavit/declaration, the Court must consider it and this converts the motion into one for summary judgment.  Fed. R. Civ. P. 12(d).

Because the anti-SLAPP statute is silent, the Federal Rules of Evidence will

apply.  Rule 701 of the Federal Rules of Evidence states in relevant part that, in order to

be admissible, a witness' testimony "in the form of opinions or inferences is limited to

those opinions or inferences which are . . . rationally based on the perception of the

witness."  Fed. R. Evid. P. 701.  Virtue's primary objections to Mr. Zamora's declaration

concern Zamora's assertions as to the reasons that Virtue decided to sue Z&H despite

the Court's order not to do so and Virtue's intent to damage the Trustee and her counsel

when he has continued to oppose the Trustee's and Z&H's interim application for fees.

The objections seek to remove all material that supports Zamora's theory that these

actions by Virtue were malicious and abusive.


B.    Having Considered the Evidence, Z&H Has Met Its Burden of Proof Under
      the Anti-SLAPP Statute.

The Court takes judicial notice of the following from the dockets (see attached

chart for listing of relevant matters on the dockets):


(1)    Virtue has objected to all or most of the substantive motions brought by
       the Trustee in bankruptcy case 00-15821;
(2)    Virtue's motion for leave to sue Z&H was denied by the bankruptcy court;
(3)    Although Virtue filed a motion to reconsider, he did not wait until that was
       heard to include Z&H in his complaint against the Trustee;
(4)    Virtue knew that including Z&H in the complaint was in violation of the
       Court's order in that he asserted in the complaint that this was filed
       as a precautionary measure since the 12/12/07 order was not yet
       final, there was his motion to modify pending, and on 12/21/07
       Zamora filed an appeal [though no appeal had been filed as to the
       ruling concerning Z&H];
(5)    Virtue's briefs in the district court appeal agree that only the Trustee has
       standing to sue the Trustee's counsel, but argue for a policy
       change to allow a creditor to do so on behalf of the estate;
(6)    The district court affirmed the ruling of the bankruptcy court that Virtue did
       not have standing to sue Z&H.  The district court found that as a
       matter of black letter law, a creditor cannot bring a malpractice

action against the Trustee's attorney and also noted that "Virtue presents no authority to the contrary;"

(7)    Virtue opposed the second and third interim fee applications of the Trustee and of Z&H as premature until the allegations of wrongdoing against the Trustee have been decided.

As to the objections to the declaration of Anthony Zamora, the Court notes that most are based on lack of foundation, lack of personal knowledge, and/or speculation. There is a difference between speculation and non-expert opinion. As discussed above, FRE 701 requires three things, one of which is that it is rationally based on the witness's perception. The other two prongs (helpful to determine a fact in issue and not based on specialized knowledge) are not in question.

As noted from the docket and from the actions that the Court has observed and the content of papers filed in this case, there is a high level of hostility between these parties. This case happens to be a particularly bad mix of personalities. As happens all too often, counsel have so identified with their clients that they no longer provide the objective view and advice that they should. The Trustee is represented by her husband, whose arguments have led this Court to believe that he is excessively aggressive (at least in this case) and that he has used language in his papers that are highly charged, calling his opponent's claims "bogus." Nor has he been shy of *ad hominen* attacks against his opponent's counsel, referring to them as "malpractice counsel," and presenting his frankly irrelevant personal opinion that "it boggles that McCarthy, Virtue, and their growing cell of attorneys have gotten so far."[6] In one opposition, Zamora stated (referring to McCarthy and Virtue): "Soon enough, these criminal charlatans and their collaborators will be exposed for what they really are. Rest assured, Trustee will

_____

[6] Adv#:1:13-01061, Dk #13, pg 2

1  not stop until this happens."[7]

2      McCarthy does not have a known relationship to his client (Virtue) and is more

3  careful in his use of language in documents filed with the Court although it is clear

4  during hearings that he is also unnecessarily aggressive and provoking.  And while the

5  Court has not seen most of the letters and emails that have certainly been sent by him

6  to the Trustee's counsel, in his August 24, 2012 letter, McCarthy attacks Mr. Zamora's

7  performance as counsel as both "silly" and "laughable," and reflective of the "typical. .

8  .rhetorical and lack of legal analysis offered in the pleadings" of this lawsuit.[8]

9      Even without a showing of overt hostility by McCarthy, the Court finds that it is a

10  reasonable inference that Virtue used the 12/21/07 motion to reconsider as a ruse to

11  name Z&H in the lawsuit since there was no statute of limitations or other reason not to

12  wait until the outcome of their certain appeal of the 12/12/07 order.  While the Court

13  cannot agree that the statement that Virtue, et. al "never had an honest and sincere

14  belief in the validity of Virtue's complaint," it is clear from the brief that Virtue knew that

15  the only way that he could gain standing was to convince the district court that policy

16  should allow this although the law did not.  As experienced bankruptcy counsel, it is

17  clear that McCarthy had to know that this was, at best, a long shot and that harm was

18  likely to befall Z&H if it had to defend an appeal in the district court.  Thus, I overrule the

19  objection to paragraph 6.  As to paragraph 7, I sustain it as to p. 27, lines 10-20 and

20  overrule it as to the balance of paragraph 7.

21      As to the objection to paragraph 9, the record shows that the objection to the fee

22  applications was – at least in part – based on the contention that Virtue would prevail on

23  appeal as to Z&H, although much of it also had to do with the assertion that Virtue

---

[7] Adv.#1:07-01291, Dk #145, pg 3, ln. 5-7.
[8] Adv#:1-13-01061, Dk #12, pg 36

would appeal as to the Trustee and that if a distribution occurred, the estate would be depleted.  Thus I accept that the objection was an attempt to prevent Z&H from being paid for its work in defending itself and the Trustee.  The balance of the objection to paragraph 9 is sustained.

Concerning paragraph 10, the docket and the papers filed with this Court support the contention that this was all-out war and that the resources of the estate were being drained.  However, as to the other allegations in the paragraph, there is nothing at this time to substantiate them.  Until recently the Trustee has absolutely refused to provide any discovery on the key issue of the Virtue complaint against her.  Thus the Court does not have any showing (let alone a prima facie one) that her reputation is being impugned or that she and her attorney are entitled to fees as an administrative claim.  Thus, the balance of the objection to paragraph 10 is sustained.

Sustain the objection to paragraph 13, lines 13-16.

Beyond the "facts" alleged to which the objection was overruled, the matters of which the Court can take judicial notice, and the hostile language in the papers filed with this Court, the Court also finds that Z&H suffered harm during the pendency of the appeal in that it had to defend the appeal and because Virtue failed to dismiss Z&H (even without prejudice) that Z&H had to disclose to its professional liability insurer that it was a defendant in the adversary action.

Demanding admissible evidence at the outset of a case puts a unique burden on the Plaintiff and on the Court.  Thus the standard is very low.  The California Supreme Court has ruled that this standard is easily met, noting that even a claim of "minimal merit" will satisfy the plaintiff's burden.  Navellier, 29 Cal.4th at 89.  The only issue is whether – taking all of the Plaintiff's evidence as true – there is a probability that the

Plaintiff can prevail on the merits.  Here such a probability exists.

### 1.   Z&H's Malicious Prosecution Claim Is Pled Sufficiently.

Z&H sufficiently pleads its claim for malicious prosecution.  To prevail on a malicious prosecution claim, "the plaintiff must establish that the prior underlying action (1) was commenced by or at the direction of the defendant, or the defendant continued to prosecute it after discovering it lacked probable cause, and it was pursued to a legal termination in plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice."  HMS Capital, 118 Cal. App. 4th at 213.  Read as favorable to Z&H, the complaint successfully establishes each element of a malicious prosecution claim.  "On December 28, 2007, Virtue, McCarthy, and HFB filed a complaint against Trustee." (Complaint, 8:24-25)  Later, the complaint alleges a lack of probable cause, claiming that Virtue commenced "false accusations" with "absolutely no legal basis to do so," and "without probable cause."  (Complaint, 13:25; 10:9-10; 10:11).  This clearly satisfies the second element of a malicious prosecution claim.  Finally, Z&H asserts that "Virtue, McCarthy, and HFB maliciously filed the Adversary Complaint," thereby establishing the third element of malice.  (Complaint, 14:9-10).  The Complaint is thus legally sufficient and supported by a prima facie showing of facts supporting its claim.

### 2.   Z&H's Abuse of Process Claim Is Pled Sufficiently.

Z&H sufficiently pleads its claim for abuse of process.  "To succeed in an action for abuse of process, a litigant must establish that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings."  Rusheen, 37 Cal.4th at

1057.  Z&H's complaint alleges that Virtue "misused the Adversary Complaint for an

ulterior purpose. . . with an intent to harm Z&H." (Complaint, 14:1-3).  The Complaint

further alleges that Virtue "misused the judicial process by using the Adversary

Complaint to prevent or delay Z&H from filing interim and final fee applications"

(Complaint, 9:26-28). Taken as true, this is sufficient to establish a claim for abuse of

process.


V.    If Z&H Prevails on Its Claim for Malicious Prosecution or Abuse of Process, It
May Be Entitled to Attorneys' Fees For Defending the Underlying Gross Negligence
Claim.

        The general American Rule is that each party is responsible for its own attorneys'

fees.  Fantasy, Inc. v. Fogerty, 984 F.2d 1524 (9th Cir. Cal. 1993).  "In the United

States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys'

fee from the loser."  Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240,

247 (U.S. 1975).  The California Code of Civil Procedure codifies this rule stating that

"except as attorney's fees are specifically provided for by statute, the measure and

mode of compensation of attorneys and counselors at law is left to the agreement,

express or implied, of the parties; but parties to actions or proceedings are entitled to

their costs, as hereinafter provided."  Cal. Code Civ. Pro §1021.

        In the state of California, attorneys' fees may be awarded for the underlying

action in either a malicious prosecution or abuse of process claim.  "In recognition of the

wrong done the victim of such a tort, settled law permits him to recover the cost of

defending the prior action including reasonable attorney's fees."  Bertero v. National

General Corp., 13 Cal. 3d 43, 51 (Cal. 1974).  However, neither claim allows for the

award of attorneys' fees for the *present* litigation, only the underlying action.  Thus, if

Z&H prevails on the merits of either its malicious prosecution claim or its abuse of

process claim, it may be entitled to the costs of litigating the gross negligence claim

from which they both stem.  As to the costs of the present litigation, the Court has found

no case law indicating that Z&H is entitled to recover attorneys' fees for either the

malicious prosecution or abuse of process claim.

VI.    Conclusions

The Court denies Virtue's special motion to strike pursuant to California Code of

Civil Procedure §425.16.  Both parties meet their respective burdens of proof.  The

Court has considered Virtue's evidentiary objections and ruled on them in order to make

this determination.  Virtue successfully shows that the original Adversary Proceeding is

protected speech under the statute and Z&H establishes a probability of prevailing on

the merits of its claims.  Because Z&H successfully meets its burden of proof, the anti-

SLAPP statute does not apply.  The claims should be heard on their merits.  The

request for attorneys' fees is denied.

###

Date: July 1, 2013

_____
Geraldine Mund
United States Bankruptcy Judge

| date | case | docket | item | content |
|------|------|--------|------|---------|
| 1/30/2007 | 00-15821 | 346, 347 | motion to modify the memorandum and order as to suing trustee's counsel, etc. denied | |
| 2/20/2007 | 00-15821 | 287 | Trustee files disclosure statement and plan | |
| 4/3/2007 | 00-15821 | 297 | disclosure statement approved | |
| 5/22/2007 | 00-15821 | 302 | plan confirmed | |
| 7/31/2007 | 00-15821 | 304, 305 | Virtue, through his attorneys, files motion for leave to sue trustee and her counsel and to employ HFB on behalf of the estate | |
| 8/29/2007 | 00-15821 | 314 | initial hearing on motion for leave to sue trustee and her attorney | |
| 11/14/2007 | 00-15821 | | continued hearing on motion for leave to sue trustee an her attorney | |
| 12/12/2007 | 00-15821 | 321, 322 | memorandum of opinion and court order that Virtue cannot sue trustee's attorney and that HFB cannot be appointed as counsel on behalf of the estate | |
| 12/21/2007 | 00-15821 | 323 | Trustee appeals ruling on ruling that she is subject to suit | only deals with suit against trustee and not against Z&H; District Court case CV08-00093 |
| 12/21/2007 | 00-15821 | 327 | motion by Virtue to modify the memorandum and order as to suing trustee's counsel | |
| 12/28/2007 | 07-1291 | 1 | Virtue files a complaint filed against trustee and Z&H, | Against all for breach of fiduciary duty, negligence, gross negligence and against Z&H for legal malpractice.  Asserts that this is filed as a precautionary measure since 12/12/07 order is not final, there is a motion to modify by Virtue, and on 12/21/07 Zamora filed an appeal [but not as to Z&H] |
| 1/30/2008 | 00-15821 | 346, 347 | adversary 07-1291 stayed until pending appeal in main case is complete, motion to modify the 12/12/07 order denied | |
| 2/5/2008 | 00-15821 | 348 | Virtue files notice of appeal of order granting trustee's motion for stay of 12/12/07 order, of order denying Virtue's motion to modify the 12/12/07 order, and of the 12/12/07 order (dkt #321, 346) | District Court case CV08-02504 |

| date | case | docket | item | content |
|---|---|---|---|---|
| 2/8/2008 | 00-15821 | 352 | Trustee files amended notice of appeal as a cross-appeal of the 12/12/07 order | because the appellate period commenced again on the motion denying the motion to modify.  District Court case CV08-1478 |
| 1/12/2009 | 08-0093 | 27 | Trustee files opening brief on appeal | |
| 2/12/2009 | 08-0093 | 47 | Virtue files opening brief on appeal | |
| 3/16/2009 | 08-0093 | 49 | Trustee files reply brief on appeal | |
| 3/30/2009 | 08-0093 | 50 | Virtue files reply brief on appeal | |
| 7/14/2009 | 00-15821 | 399 | Virtue, through counsel, opposes the second application of Z&H for interim fees for several reasons including that the appeal as to the suit against Z&H was pending. | |
| 7/28/2009 | 00-15821 | 405 | Court deferred ruling on the fees of Z&H pending appeals concerning that issue | |
| 8/21/2009 | 00-15821 | 408 | District Court affirms that Virtue may not sue Z&H | District Court case 08-0093, which is a consolidation of three appeals (08-0093, 08-1478, and 08-2504) |
| 5/11/2011 | 07-1291 | 12 | first amended complaint filed only against trustee and bonding company | states that Z&H not named as a defendant based on 12/12/07 order precluding that |
| 6/8/2011 | 00-15821 | 438, 439 | Trustee and Z&H file third interim application for fees | |
| 6/15/2011 | 00-15821 | 442 | Virtue opposes second and third interim fee application of trustee and Z&H as premature until the allegations of wrongdoing against the trustee have been decided | |
| 6/29/2011 | 00-15821 | 447 | Court takes off calendar the third interim fee requests as to trustee and her counsel - pending appeal of 07-1291 | |
| 10/26/2011 | 07-1291 | 28 | motion to dismiss ruled on, granted as to bonding company, but otherwise denied | |
| 11/4/2011 | 07-1291 | 29 | second amended complaint filed only against trustee and bonding company | states that Z&H not named as a defendant based on 12/12/07 order precluding that |
| 12/12/2011 | 07-1291 | 35 | Trustee and bonding company file answer to second amended complaint | |
| 12/16/2011 | 07-1291 | 37 | Trustee files counterclaim and third party claim against Virtue, McCarthy, and HFB | |
| 1/18/2012 | 07-1291 | 48, 49 | answers to counterclaim and third party claim filed | |

| date | case | docket | item | content |
|------|------|--------|------|---------|
| 2/17/2012 | 07-1291 | 53 | counterclaimants file anti-SLAPP motion to strike counterclaim and third party claim and for judgment on the pleadings | |
| 4/30/2012 | 07-1291 | 63 | counterclaim and third party claim are dismissed with prejudice on motion to dismiss | |
| 5/1542012 | 07-1291 | 67 | Trustee files appeal of dismissal of counterclaim and third party claim | District Court case 12-4981. |
| 9/26/12 | 07-1291 | 105 | Trustee files appeal of order granting counter-defendant's motion for attorney's fees | District Court case 12-8458 |
| 3/20/2013 | 13-1061 | 1 | Z&H files suit against Virtue, McCarthy, and HFB for malicious prosecution and abuse of process for filing adv. 07-1291 | |
| 4/22/2013 | 13-1061 | 5 | Virtue and his attorneys file a motion to dismiss the complaint under anti-SLAPP | |
| 5/6/13 | 07-1291 | 147 | District Court dismisses Trustee's appeal of dismissal of counterclaim and third party claim for failure to timely file her opening brief | District Court case 12-4981 |
| 5/6/13 | 07-1291 | 147 | District Court dismisses Trustee's appeal of order granting counter-defendant's motion for attorney's fees for failure to timely file her opening brief | District Court case 12-8458 |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): __**MEMORANDUM OF OPINION DENYING DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §425.16 REGARDING DOCKET NUMBER 7**
was entered on the date indicated as ⒜Entered⒝ on the first page of this judgment or order and will be served in the manner stated below:

**1.    SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Ⓑ Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*)_____, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Daniel J McCarthy    dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;docket@hillfarrer.com
- Won M Park    wpark@wcb-law.com, maguiniga@wcb-law.com;dsokol@wcb-law.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Anthony N Zamora    zamora3@aol.com

☐    Service information continued on attached page

**2.    SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

☐    Service information continued on attached page

**3.    TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an ⒜Entered⒝ stamp, the party lodging the judgment or order will serve a complete copy bearing an ⒜Entered⒝ stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐    Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9021-1.1.NOTICE.ENTERED.ORDER**